UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DEMARCUS CLARK #587170 | CIVIL ACTION NO. 15-cv-2834 |
| VERSUS | JUDGE FOOTE |
| N. BURL CAIN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

The undersigned recently issued a Report and Recommendation (Doc. 36) that addressed Petitioner's habeas claims. One claim was that Petitioner's Sixth Amendment rights under the Confrontation Clause were violated when the crime lab analyst who did the underlying DNA testing was no longer available to testify and was replaced by a coworker who served as a technical reviewer and prepared the final report based on the prior testing. The undersigned recommended that the claim be denied, based largely on Grim v. Fisher, 816 F.3d 296 (5th Cir. 2016).

After the Report and Recommendation issued, the Fifth Circuit decided Jenkins v. Hall, ___ F.3d ___, 2018 WL 6566977 (5th Cir. Dec. 13, 2018), which applied Grim to reject another similar habeas claim. The petitioner in Jenkins was convicted of possessing cocaine. The crime lab technician who performed the chemical test to determine that the substance was cocaine was unavailable at trial due to extended medical leave. The State called her manager, who had served as a technical reviewer in the case. The testifying witness did not observe or participate in the testing of the substance, but he did review the

data that the analyst placed on her worksheet to ensure that the results supported the conclusion in the crime lab report.

The facts in Jenkins are similar to those presented in this case, where the testifying witness also served as a technical reviewer. In this case, moreover, the testifying witness actually wrote the final crime lab report based on the data prepared by another analyst. The Fifth Circuit in Jenkins followed its decision in Grim and affirmed the denial of habeas relief because the law does not clearly establish that such testimony violates Bullcoming or other clearly established federal law as determined by the Supreme Court. This order is entered to advise the parties and the district judge of this additional authority in support of the Report and Recommendation.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of December, 2018.

Mark L. Hornsby
U.S. Magistrate Judge